IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

Michael Hendrix, )
    Plaintiff, )
)
v. ) 1:10cv551 (LMB/TCB)
)
Suhasini Shah and Patricia R. Stansberry, )
    Defendants. )

## MEMORANDUM OPINION

Michael Hendrix, a federal inmate incarcerated at F.C.C. Petersburg and proceeding pro se, filed this civil rights action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), alleging that defendants violated his constitutional right to reasonable medical care. Plaintiff also applied to proceed in forma pauperis in this action and requested appointment of counsel. After reviewing plaintiff's complaint, the claim against defendants must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim.[1]

---

[1] Section 1915A provides:

> (a) **Screening.**—The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) **Grounds for dismissal.**—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
>     (1) is frivolous, malicious, or fails to state a claim upon which relief can be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

## I. Background

In his complaint, plaintiff states that he suffers from seizures.[2] He alleges that upon his arrival at F.C.C. Petersburg on February 1, 2008, he experienced a seizure during intake and was taken to the medical department, where he received medicine. On February 28, 2008, he was examined by defendant Dr. Shah, and Dr. Shah questioned plaintiff on the type and cause of his seizures. Between March and August 2008, plaintiff asked Dr. Shah if there was any testing that could be done to diagnose the seizures, and apparently plaintiff did not receive any such testing. On August 19, 2008, plaintiff filed an informal complaint requesting to have his seizures diagnosed properly, and he received no response to that complaint. On October 14, 2008, defendant Stansberry, the warden of F.C.C. Petersburg, responded to an administrative grievance plaintiff had filed concerning his request to be tested to determine the cause of his seizures, and Stansberry informed plaintiff that she would not order the testing he sought. Based upon these events, plaintiff argues that defendants acted with deliberate indifference by refusing to order tests to diagnose the cause of his seizures.

Plaintiff has also attached numerous exhibits to his complaint, including copies of grievances filed with the prison and institutional responses to those grievances. One exhibit states that plaintiff had no documented seizures between January 10, 2008 and the date of the response, October 14, 2008. Also according to that exhibit, plaintiff was receiving Valproic Acid for his seizures and was scheduled to see a chronic care physician. Response, Oct. 14, 2008. According to an administrative remedy appeal form submitted by plaintiff, Dr. Shah informed plaintiff upon his arrival at F.C.C. Petersburg that plaintiff's seizures were myopic, not

---

[2]According to an exhibit submitted by plaintiff, in his medical records plaintiff "described [his] seizure-like activity as a shaking sensation that starts in [his] face and goes down [his] body. [He] reported the feelings may last from 20 seconds to 30 minutes and occur 2-3 times per week. [He] stated [he] does not lose control of bowel or bladder and does not know if [he] loses consciousness." Response, Nov. 14, 2008.

narcoleptic, and that plaintiff was scheduled for a Depacote level test every three months to control his seizures. Appeal Form, Oct. 7, 2008. Additionally, plaintiff admits in one of his exhibits that he receives regular "chronic care" checkups with the medical department, where his valproic acid levels are checked. Appeal Form, Dec. 3, 2008. According to the most recent grievance submitted by plaintiff, medical staff determined that plaintiff does not suffer from seizures; rather, the episodes he believes are seizures are in fact related to his hallucinations.[3] Response, Jan. 28, 2009. Plaintiff seeks injunctive relief and unspecified monetary damages.

## II. Standard of Review

Pursuant to § 1915A, a court must dismiss a prisoner complaint that is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1). Whether a complaint states a claim upon which relief can be granted is determined by "the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." Sumner v. Tucker, 9 F. Supp. 2d 641, 642 (E.D. Va. 1998). Thus, the alleged facts are presumed true, and the complaint should be dismissed only when "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). To survive a 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. ----, ----, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that

---

[3] Plaintiff admits in his complaint that he suffers from a variety of mental illnesses, has been prescribed Wellbutrin and other medications to treat these problems, and was placed on suicide watch several times while housed at other federal correctional facilities. Compl. 6-7. Exhibits submitted by plaintiff support this claim. See Response, Jan. 28, 2009 ("Relevant portions of your medical record have been reviewed which reveal you have a history of depressive and bipolar disorder, schizophrenia, and chronic hypertension . . . The Clinical Director determined your treatment plan of medications and diagnostic tests to be appropriate for your medical condition.") Plaintiff also admitted on a grievance appeal form that he experiences hallucinations and "depressive feelings." Appeal Form, Dec. 3, 2008.

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to meet this standard, id., and a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level . . .". Twombly, 550 U.S. at 55. Moreover, a court "is not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 129 S. Ct. at 1949-1950. Courts may also consider exhibits attached to the complaint. United States ex rel. Constructors, Inc. v. Gulf Ins. Co., 313 F. Supp. 2d 593, 596 (E.D. Va. 2004) (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1357, at 299 (2d ed.1990), cited with approval in Anheuser-Busch v. Schmoke, 63 F.3d 1305, 1312 (4th Cir.1995)). Where a conflict exists between "the bare allegations of the complaint and any attached exhibit, the exhibit prevails." Gulf Ins. Co., 313 F. Supp. 2d. at 596 (citing Fayetteville Investors v. Commercial Builders, Inc., 936 F.2d 1462, 1465 (4th Cir.1991)).

### III. Analysis

Based upon the complaint and exhibits on file, it is clear that defendants did not act with deliberate indifference to plaintiff's medical needs, in violation of his Eighth Amendment rights. It is well-settled that prisoners are entitled to reasonable medical care and can sue prison officials under the Eighth Amendment if such care is inadequate. Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). To have such a claim rise to the level of a constitutional violation, a plaintiff "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Id. Thus, plaintiff must first demonstrate a sufficiently serious medical need. See, e.g., Loe v. Armistead, 582 F.2d 1291 (4th Cir. 1978) (concluding that the "excruciating pain" of an untreated broken arm is sufficiently serious). Second, plaintiff must show deliberate indifference to that serious medical need; mere negligence or malpractice is not enough to

constitute an Eighth Amendment violation. Estelle, 429 U.S. at 106; Daniels v. Williams, 474 U.S. 327, 328 (1986); Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990). "Deliberate indifference may be demonstrated by either actual intent or reckless disregard." Miltier, 896 F.2d at 851. Additionally, a prisoner's disagreement with medical personnel over the course of his treatment does not make out a cause of action. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985); Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975) (per curiam); Harris v. Murray, 761 F. Supp. 409, 414 (E.D. Va. 1990).

In his complaint, plaintiff alleges that defendants should have ordered testing to determine the cause of his seizures, and that their failure to do so constituted a violation of his Eighth Amendment rights. Assuming without deciding that his episodes constitute serious medical needs for Eighth Amendment purposes,[4] it is clear that plaintiff received extensive medial treatment for his condition, including several prescribed medications to treat his mental health problems and his seizures, regular testing of his Depacote levels, and regular chronic care check-ups. In light of evidence of such treatment, plaintiff cannot support a claim that defendants were deliberately indifferent to his condition. The record indicates that defendants were well aware of plaintiff's condition and decided that because his perceived seizures were products of hallucinations, further testing to determine the cause of these episodes was unnecessary.[5] Because plaintiff merely disagrees with his doctor's medical judgment and because he received

---

[4] Based upon the conclusions of plaintiff's doctors that his episodes are hallucinatory, it appears that plaintiff may actually suffer from "pseudoseizures," and pseudoseizures have been found not to constitute serious medical needs. See McClary v. Fowlkes, No. 1:07cv1080 (LO/TCB), 2008 WL 3992637, at *3 (E.D. Va. Aug. 27, 2008) (describing pseudoseizures as a mental health condition, not a medical condition). Even if plaintiff does suffer from actual seizures, nothing in his complaint or exhibits suggest that defendants acted with deliberate indifference in treating plaintiff.

[5] Clearly, plaintiff disagrees with his doctors' conclusions that his episodes are hallucinatory. However, even accepting as true plaintiff's allegations that his episodes are actual seizures, he still cannot show that defendants acted with deliberate indifference to his medical needs.

extensive medical care for his condition, no violation of plaintiff's right to reasonable medical care occurred. Wright, 766 F.2d at 849.

### IV. Plaintiff's Motion to Appoint Counsel

As to plaintiff's Motion to Appoint Counsel, a court may request an attorney to represent an indigent plaintiff proceeding in forma pauperis. 28 U.S.C. § 1915(e)(1). The Fourth Circuit, however, has limited the appointment of counsel to cases where "exceptional circumstances" exist, such as cases with particularly complex factual and legal issues or with a litigant who is unable to represent himself adequately. Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984). It is unnecessary at this time to appoint counsel for plaintiff, as plaintiff has made no showing of "exceptional circumstances" in his case. Thus, plaintiff's request for the appointment of counsel will be denied

### V. Conclusion

For the reasons stated above, plaintiff's complaint will be dismissed and his request for appointment of counsel will be denied. An appropriate order shall issue.

Entered this 2nd day of August 2010.

Alexandria, Virginia

/s/ _____
Leonie M. Brinkema
United States District Judge